# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Case No. 1:14-cr-124 |
| | : | |
| Plaintiff-Appellee | : | |
| | : | District Judge Timothy S. Black |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| JUSTICIA RIZZO, | : | |
| | : | |
| Defendant-Appellant. | : | |

**DECISION AND ENTRY:
(1) ADOPTING THE REPORT AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE;
(2) DENYING DEFENDANT'S MOTION FOR A NEW TRIAL; AND
(3) DENYING DEFENDANT'S MOTION TO PROCEED
*IN FORMA PAUPERIS* BEFORE THE COURT OF APPEALS**

This case is before the Court on the Report and Recommendation of United States Magistrate Judge Stephanie K. Bowman (Doc. 18) regarding Defendant's motion for a new trial pursuant to Fed. R. Crim. P. 33 (Doc. 12).[1] The Magistrate Judge recommends that Defendant's motion for a new trial be denied. (Doc. 18). The Court also has before it the government's response in opposition to Defendant's motion. (Doc. 17). Defendant timely filed her objections to the Report and Recommendation. (Doc. 20).

## I. BACKGROUND

Following a bench trial in which Defendant Justicia Rizzo proceeded *pro se*, United States Magistrate Judge Stephanie K. Bowman found Defendant guilty of

---

[1] Motion was referred pursuant to 28 U.S.C. § 636(b) and Fed. R. Crim. P. 59. (Doc. 15).

disorderly conduct in violation of 38 C.F.R. § 1.218(a)(5), (b)(11). (Doc. 1-1).[2] Defendant was fined $200 and assessed $25 in court costs. (*Id.*)

Defendant timely appealed her conviction to this Court. (Doc. 1). Defendant retained counsel for purposes of the appeal, and counsel filed a brief on her behalf. (*See* Docs. 7, 8). This Court affirmed the Magistrate Judge's verdict and denied Defendant's appeal. (Doc. 10).[3]

Subsequently, Defendant—once again proceeding *pro se*—filed a motion for a new trial (Doc. 12) and a motion for *in forma pauperis* status (Doc. 13).[4] The Government filed a response in opposition to Defendant's motion for a new trial. (Doc. 17). The Court referred these motions to the Magistrate Judge. (Doc. 15).

The Magistrate Judge reviewed the parties' filings and submitted a Report and Recommendations. (Doc. 18). Specifically, the Magistrate Judge recommended that Defendant's motion for a new trial be denied. (Docs. 12, 18). Defendant timely filed objections. (Doc. 20).

Pursuant to 28 U.S.C. § 636(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the relevant filings in this

---

[2] The Sixth Amendment does not require the appointment of counsel for petty offense cases in which no term of imprisonment will be imposed. *Scott v. Illinois*, 440 U.S. 367, 373–74 (1979); *Lewis v. United States*, 518 U.S. 322, 338 (1996); Fed. R. Crim. P. 58(b)(2)(C).

[3] The underlying facts in this case are fully set forth in the Court's Decision and Entry affirming the Magistrate Judge's verdict (Doc. 10), as well as in the Magistrate Judge's Report and Recommendations (Doc. 18).

[4] Although defense counsel has not formally moved to withdraw, Defendant indicates that she has "removed [counsel] from her representation." (Doc. 12 at 1).

case. Upon consideration of the foregoing, and as fully set forth below, the Court finds that the Report and Recommendations (Doc. 18) should be, and is hereby, **ADOPTED** in its entirety; and Defendant's objections (Doc. 20) are **OVERRULED**.

## II. STANDARD OF REVIEW

### A. Review of Objections to the Report and Recommendations

The Court must review objections to the Magistrate Judge's Report and Recommendation *de novo*. 28 U.S.C. § 636(b); Fed. R. Crim. P. 59(b). However, general objections are insufficient to preserve issues for review. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "The filing of objections provides the district court with the opportunity to consider the *specific* contentions of the parties …." *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) (emphasis added). "A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[ ] to the report and recommendation and refer[ ] to several of the issues in the case.'" *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). In other words, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

Nevertheless, the objections of a *pro se* litigant must be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106

3

(1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers")). Following its review of the Magistrate Judge's report and recommendation and a defendant's objections, the Court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

### B. Motion for a New Trial

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). However, Rule 33 motions "are granted only 'in the extraordinary circumstance where the evidence preponderates heavily against the verdict.'" *United States v. Hughes*, 505 F.3d 578, 592-93 (6th Cir. 2007) (emphasis added).

"Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). However, a motion for a new trial based on any other reason "must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).

## III. ANALYSIS

### A. Motion for a New Trial & Objections

Defendant's motion for a new trial was filed six months after the Magistrate Judge's guilty verdict (and nearly one month after this Court affirmed the verdict). (Docs. 1-1, 10, 12). The motion raises the following arguments: (1) new evidence, (2) an alleged *Brady* violation under *Brady v. Maryland,* 373 US 83 (1963), (3) a lack of jurisdiction and discrimination, (4) outrageous government conduct, (5) a violation of her

4

constitutional rights, (6) the presentation of false testimony by the prosecution, and (7) a denial of counsel and ineffective assistance of the counsel on appeal. (Doc. 12).

The Report and Recommendations notes, as an initial matter, that Defendant's motion is untimely (*i.e.*, more than 14 days after the verdict) in all respects but for newly discovered evidence. (Doc. 18). Nevertheless, the Magistrate Judge addressed each argument in turn. (*Id.*)

In her objections, Defendant largely disputes the evidence presented at trial and the finding of facts upon which the Magistrate Judge rendered her verdict (which verdict this Court has already affirmed); and Defendant further renews the arguments previously raised in her motion, all of which were fully addressed in the Report and Recommendations. (Doc. 18). Because such arguments do not constitute proper objections, and for the reasons stated in the Report and Recommendations, Defendant's renewed arguments and continuing dispute of established facts are not well taken.

To the extent Defendant raises additional arguments in her objections, the Court addresses such arguments below.

### *1. Arguments Relating to Newly Discovered Evidence*

To prevail on a motion for a new trial based upon newly discovered evidence, a defendant must show that the new evidence: (1) was discovered after the trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal. *United States v. Blackwell*, 459 F. 3d 739, 768 (6th Cir. 2006). However, where the new evidence was subject to *Brady*, a defendant does not have to show that the newly discovered evidence

5

probably would have resulted in acquittal, but rather that the favorable evidence was material. *United States v. Frost*, 125 F.3d 346, 382 (6th Cir. 1997).

As the Magistrate Judge explained, Defendant's motion failed to specifically identify the purported "new evidence." (Doc. 18 at 5). And even construing Defendant's motion liberally, the Magistrate Judge correctly concluded that the potential "new" evidence Defendant discusses would either be immaterial or cumulative. (*Id*. at 5-7).

In her objections, Defendant identifies three sources of proposed new evidence.[5] First, Defendant seeks to present testimony from her supervisor and a nurse manager, given during Defendant's administrative hearing before the Merit System Protection Board.[6] Defendant indicates that those witnesses testified that a white nurse threatened Defendant with death in the presence of management, after Defendant reported patient neglect at a VA facility. (Doc. 20 at 8). Defendant explains that this nurse was not charged with any crimes as a result of her conduct. However, even if true, this testimony would not be grounds for a new trial in this case because it would not tend to prove or disprove Defendant's actions on the day in question.[7]

---

[5] Although the Court will address these arguments, it bears noting that issues raised for the first time in objections to a Magistrate Judge's report and recommendation are deemed waived. *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).

[6] Defendant also argues that she has been subjected to double jeopardy because she was charged administratively for the same conduct at issue in this case. (Doc. 20 at 5). However, a person is only subjected to double jeopardy when placed at risk of "multiple *criminal* punishments for the same offense." *Hudson v. United States,* 522 U.S. 93, 99 (1997) (emphasis in original).

[7] Defendant also alleges that Dashawn Sellars engaged in disorderly conduct at the VA facility, but was not charged. (Doc. 20 at 2). For the reasons set forth above, such evidence is immaterial to Defendant's offense conduct.

6

Second, Defendant seeks to introduce the testimony of Employee Deputy Chief Beasley, Detective Manley, Alisha Williams, Charles Smith, and Dashawn Sellars, given during the administrative hearing before the Merit System Protection Board. (Doc. 20 at 8).[8] However, Defendant already cross-examined Mr. Smith and Ms. Williams at trial. (Doc. 4 at 14-26 and 40-55). And Defendant fails to explain the relevance of Deputy Chief Beasley, Detective Manley, and Dashawn Sellers' testimony or how it would differ from the testimony previously elicited from the numerous other witnesses Defendant called or cross-examined during the trial. In short, Defendant fails to identify what new evidence these witnesses would offer, or why such testimony would likely produce an acquittal or even be material.

Third, Defendant seeks to submit evidence that would tend to show that witness Elizabeth Benton is a liar. (*See* Doc. 20 at 14). Such impeachment evidence does not support Defendant's request for a new trial. *Blackwell*, 459 F. 3d at 768.

Based upon the foregoing, Defendant's claims of newly discovered evidence do not warrant a new trial.[9]

---

[8] Defendant stated that she ordered a transcript of this hearing and asked for time to submit the transcript to the Court for consideration. (Doc. 20 at 8). However, no transcript was ever received and, in any event, Defendant offers no indication of what this evidence will show, what relevance it has to the case at bar, or why its existence was previously unknown.

[9] Defendant also objects to the Magistrate Judge's finding that no *Brady* violation occurred and argues that the Magistrate Judge committed a *Brady* violation by denying Defendant the union meeting minutes in discovery. (Doc. 20 at 2-3, 5). However, as the Magistrate Judge states in the Report and Recommendations, no evidence was withheld from Defendant, let alone material, exculpatory evidence. (Doc. 18 at 6-7). Moreover, the Court notes that a *Brady* violation occurs when the Government fails to provide exculpatory evidence in its possession. *Brady*, 373 U.S. at 87. Thus, to the extent that Defendant's objection is premised on the Magistrate Judge's evidentiary and/or pretrial rulings, the objection is overruled.

### *2. Arguments Not Relating to Newly Discovered Evidence*

As previously stated, a motion for a new trial based anything other than newly discovered evidence must be filed within fourteen days of the verdict or finding of guilt. Fed. R. Crim. P. 33(b)(2).  Because Defendant's motion was filed six months after her verdict and one month after this Court affirmed the verdict, Defendant's arguments not pertaining to newly discovered evidence are untimely.

However, even if a defendant fails to file a motion for new trial within the specified time, the Court may consider the motion if the failure to file the motion timely was the result of excusable neglect.  *See* Fed. R. Crim. P. 45(b)(1)(B); *United States v. Munoz*, 605 F.3d 359, 367 (6th Cir. 2010) (citations omitted).  The Court considers the following factors in determining whether there was excusable neglect:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*See Munoz*, 605 F.3d at 369 (citing *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 395 (1993)).  Notably, "[t]he *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import." *Munoz*, 605 F.3d at 372.

While Defendant does not expressly address the "excusable neglect" inquiry, Defendant objects to the determination that her motion for a new trial was not timely filed for two reasons.  (Doc. 20 at 4, 17-18).

8

First, Defendant argues that the Magistrate Judge "failed to properly deliberate the case or consider any facts." (Doc 20 at 4). This objection is plainly inaccurate.[10] The Magistrate Judge presided over Defendant's bench trial and gave full consideration to all the evidence presented. (*See* Doc. 4). And, notably, this Court affirmed the verdict already. Accordingly, this objection is overruled.

Second, Defendant argues that her motion should be considered timely because she received ineffective assistance of counsel. Specifically, Defendant states that she reported all of her issues to her attorney "within the appropriate time frame, but he [counsel] waited until the 14th day at 11 at night to send an email, making it too late to report her issues." (Doc. 20 at 17-18).

The Sixth Circuit has held that, in some cases, ineffective assistance of counsel may constitute a sufficient basis for delay so as to warrant consideration of any untimely motion for new trial. *See, e.g.*, *Munoz*, 605 F.3d at 373. In addressing the concern that such a holding might "invite a deluge of opportunistic Rule 33 motions," the Sixth Circuit stated, "common sense suggests that district courts are capable of distinguishing clearly frivolous ineffective-assistance allegations from those with potential merit, and that—especially given the already overcrowded state of most district-court dockets—late-filed motions will not routinely be indulged." *Id.* at 373 n. 8.

---

[10] In addition, the objection is vague, general, and conclusory, and therefore does not meet the requirement of specific objections. It is also irrelevant to Defendant's failure to file a motion for a new trial within 14 days following a finding of guilty.

9

Here, Defendant's vague and unsupported assertions are insufficient to warrant a determination of excusable neglect based on ineffective assistance of counsel.[11]

To start, while Defendant claims that she contacted defense counsel and that he "waited until the 14th day at 11 at night to send an email," Defendant does not specify when she contacted defense counsel.  Nor does Defendant specify what "the 14th day" is in relation to, *e.g.*, 14 days after the verdict, after counsel was retained, after this Court affirmed the verdict, *etc.*  This specificity is particularly relevant, given that defense counsel's first participation in the case occurred on October 31, 2014—*i.e.*, twenty-two days after the verdict.  (Min. Entry, Oct. 31, 2014).  And Defendant has not presented an affidavit, or any other evidentiary support, for her allegation that counsel represented her during the window for timely filing a Rule 33 motion.

In any event, as Defendant's *pro se* motion evidences, there is no meritorious argument to make with regard to seeking a new trial.  And the Court cannot find that counsel was ineffective or neglectful for not filing a frivolous motion.

Ultimately, other than prejudice to the Government, all other *Pioneer* factors weigh against Defendant.  Defendant delayed raising the issues in her Rule 33 motion until more than six months after the guilty verdict.[12]  The time limit set forth in Rule 33 is unambiguous, and, Defendant has not presented a valid reason for the significant delay.

---

[11] It bears noting that while Defendant's motion commences with her specifically detailing her issues with defense counsel, she fails to identify this particular allegation and, indeed, only raises it in response to being told her arguments are untimely.

[12] In fact, in the meantime, Defendant litigated her appeal before this Court.  (*See* Doc. 10).

10

And such a delay has a negative impact on the finality of the judicial proceedings and the judgment in Defendant's case. For all of these reasons, the arguments raised by Defendant which do not rely on a claim of newly discovered evidence are denied as untimely.

### B. Motion to Proceed In Forma Pauperis

A party who wishes to appeal in forma pauperis from a district court action must first file a motion in the district court. Fed. R. App. P. 24(a)(1). The party must also attach an affidavit which shows the party's inability to pay, claims an entitlement to redress, and states the issues that the party intends to present on appeal. *Id.*

Here, Defendant has not included in her application a statement of the issues she intends to pursue on appeal. (*See* Doc. 13). Rather, above her signature, Defendant simply handwrote "new trial request." (*Id.* at 1). Accordingly, she is not in compliance with Federal Rule of Appellate Procedure 24. The Court also finds that any appeal of this decision would be objectively frivolous and would not be taken in good faith. Therefore, Defendant's motion for leave to appeal in forma pauperis is **DENIED**. (Doc. 13).[13]

If Defendant intends to appeal this Order to the Sixth Circuit Court of Appeals, without the prepayment of fees, she must file: (1) a notice of appeal; and (2) an affidavit

---

[13] Defendant requests a copy of the "compete record" to "verify the record in whole." (Doc. 20 at 7). The Government "must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." *Britt v. North Carolina*, 404 U.S. 226, 227 (1971); *accord United States v. Johnson*, 584 F.2d 148, 157 (6th Cir. 1978). Here, Defendant argues that she submitted police reports as and that the reports were deliberately withheld from the record. (*Id.* at 6). The Court's review of the record shows this statement to be inaccurate. (Doc. 4). Also, Defendant cites the trial transcript in her objections, so it would appear that she already has a copy of it in her possession. (*See, e.g.*, Doc. 20 at 16).

11

which shows her inability to pay, claims an entitlement to redress, <u>and states the issues that she intends to present on appeal</u>. *See* Fed. R. App. P. 24(a)(1), (a)(5).

## IV. CONCLUSION

Based upon the foregoing, the Court finds that the Report and Recommendations (Doc. 18) should be and is hereby adopted in their entirety. Accordingly, the Court **ORDERS** as follows:

1. The Report and Recommendations (Doc. 18) is **ADOPTED** in its entirety;

2. Defendant's objections are **OVERRULED** (Doc. 20);

3. Defendant's Motion for a New Trial (Doc. 12) is **DENIED**; and

4. Pursuant to 28 U.S.C. § 1915(a) and Fed. R. App. P. 24, the Court certifies that an appeal of this Order would not be taken in good faith and, therefore, Defendant's motion for leave to appeal *in forma pauperis* (Doc. 13) is **DENIED**.

**IT IS SO ORDERED**.

Date: 7/16/2024

*s/ Timothy S. Black*
Timothy S. Black
United States District Judge